### ISAAC SMITH *vs.* JESSUP & MOORE.

A party's books are admissible in evidence to charge an after discovered principal, though the entry be against the agent.

A. did business on his own account, in his own name, and for his own profit, but with stock and weekly advances furnished by B., to be repaid out of the sales of the goods made up by A.—this is not such an agency as will charge B. with A's contracts though about the business.

ASSUMPSIT for work and labor, goods sold, &c.

The action was for hauling coal, paper, rags, &c., to and from a paper mill carried on by defendants.   The mill was conducted by Dickey & Irving, and plaintiff hauled for them previous to the 20th of November, 1846; at that time the mill passed into the hands of Jessup & Moore, as it was alledged, without any notice to plaintiff, who continued to do hauling and to charge it to Dickey & Irving.

The plaintiff was called to prove his book of original entries, which contained charges for hauling done for the paper mill.   The entries were made against Thomas Irving.

*Mr. Gilpin* objected to the admissibility of the book to charge a party not named in it.

*Mr. Rogers* said that the ruling out of the book would be in effect to deprive a party of the right which he legally has to charge an after discovered principal, for goods sold to his agent.

*Mr. Bayard* said the question was not whether a party could charge the principal for goods sold to an agent, but whether he can prove a sale to the principal by book charges against the agent.

*The Court* admitted the book in evidence to prove what it purported; but not to charge the defendants, unless the agency of Irving for defendants, such as would render defendants liable, should be otherwise satisfactorily proved.

Jessup & Moore advanced Irving $50 a week to carry on the mill, the paper being forwarded to them. They also furnished stock. They charged the mill with stock, freight, porterage and commissions on sales, and credited it with proceeds of sale of paper. Irving appropriated a part of this advance to liabilities of Dickey and Irving, who carried on the mill at first, then Irving by himself, as it appeared to the public; but Jessup & Moore afterwards took an assignment of the lease of the mill, furnished stock and advanced money for wages to Irving.

The defence was, that Irving was the only party liable. The paper mill was leased by William Twaddle in 1845, to Dickey & Irving, for two years. Jessup & Moore put in new machinery for Dickey & Irving, and in order to become their landlords they took the assignment of Twaddle's lease, and executed a new lease to Dickey & Irving for mill and machinery, at a rent of $1,150. Not having capital to carry on the business, they made an arrangement that Jessup & Moore should furnish stock and advance $50 a week to pay expenses, and should receive paper on sale to reimburse them the cost of stock, advances, commissions, &c.

Dickey & Irving dissolved, and Irving continued in the mill under the same arrangement with Jessup & Moore, up to the 4th of March, 1847, carrying on the business in his own name, for his own profit, and persons dealing with him on his own credit.

Judge WOOTTEN charged the jury:—1. That if the agency of Thomas Irving for defendant was proved, it was a general agency, and the defendants would be liable for contracts within the scope of that authority, even though defendants furnished him with money to pay for such contracts, which he misapplied.

2. That unless it was proved that Thomas Irving was the agent of defendants and carried on this mill for them, at their risk and for their profit, the defendants were not liable. If he carried on the mill on his own account, though the stock was furnished by them, and a weekly advancement of $50 was also made, to put him in funds, and he was to consign them paper for sale, and they to remunerate themselves out of the sales, this did not make him such an agent as would charge these defendants.

Verdict for defendants.

*Rogers*, for plaintiff.
*Gilpin* and *Bayard*, for defendants.